IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LEGACY CHURCH, INC.,**

    **Plaintiff,**

v.                                                             Case No. 1:20-CV-00327-JB-SCY

**KATHYLEEN M. KUNKEL and the
STATE OF NEW MEXICO,**

    **Defendants.**

## OPPOSED MOTION TO VACATE HEARING ON PRELIMINARY INJUNCTION AND RESCHEDULE FOR A LATER DATE

       Comes now Defendant Kathyleen M. Kunkel by and through her counsel of record, Matthew L. Garcia and Jonathan J. Guss from the Office of the Governor, and hereby respectfully requests that the Court vacate the preliminary injunction hearing scheduled for April 30, 2020 and reschedule the hearing for a later date. Plaintiff opposes this request. As grounds for this motion, Defendant Kunkel states as follows.

       1.       This motion respectfully asks the Court to employ its inherent authority to manage its own docket and the allocation of its limited judicial resources to vacate the currently scheduled preliminary injunction hearing and to reset that hearing to coincide with the hearing on Defendant's Motion to Dismiss Plaintiff's Original Complaint, Request for Temporary Restraining Order, and Permanent Injunction [Doc. 32] ("Motion to Dismiss"), filed on April 27, 2020.

       2.       On April 11, 2020, Plaintiff filed Plaintiff's Original Complaint, Request for Temporary Restraining Order, and Permanent Injunction [Doc. 1] and requested to be heard as soon as possible on its request for a temporary restraining order.

3.      After an abbreviated briefing schedule, this Court held a hearing on Plaintiff's request for a temporary restraining order on April 16, 2020 and denied Plaintiff's request for a temporary restraining order through a 99-page Memorandum Order and Opinion [Doc. 29] ("MOO") that was issued on April 17, 2020.

4.      The MOO held that Plaintiff did not establish a likelihood of success on the merits of either of its constitutional claims, determined that the other equitable factors tilted in Defendant Kunkel's favor, and dismissed Plaintiff's claims against the State of New Mexico.

5.      During the TRO hearing, counsel for both parties agreed to set a tentative date of April 30, 2020 for any hearing on a motion for a preliminary injunction.

6.      After phone discussions between counsel for Defendant and counsel for Plaintiff on April 24, 2020 and April 27, 2020, it appears to Defendant that: (a) Plaintiff does not intend to file a new brief; (b) Plaintiff intends to call Pastor Steve Smothermon to discuss the costs of providing drive-in services and services via technology and has stated that it may call some additional witnesses from its congregation who have limited access to technology; and (c) Plaintiff intends to (but has yet to) issue a subpoena purportedly compelling Secretary of Health Kunkel to testify about the timing of the emergency public health order at issue in this case and the reasoning behind it.

7.      The proposed testimony of Pastor Smothermon and members of Plaintiff's congregation are unrelated to the relevant legal issues in this case, including whether the emergency public health order is neutral and generally applicable under First Amendment jurisprudence; whether the order meets the constitutionally applicable level of scrutiny; and whether the order meets the constitutional requirements for a law infringing upon a right of

assembly. The individual burdens that the law places on Plaintiff's pastor and Plaintiff's congregants, while important, has no bearing on those legal questions.

8. The proposed topics on which Plaintiff will seek to belatedly compel Secretary Kunkel to testify are both irrelevant to the case and inappropriate to her role as the head of a state agency. Moreover, Secretary Kunkel will move to quash any subpoena that is issued under Federal Rule of Civil Procedure ("FRCP") Rule 45(d)(3)(A)(i) because it would fail to allow a reasonable time to comply and under FRCP Rule 45(d)(3)(A)(iv) because it would subject Secretary Kunkel to an undue burden in light of her responsibilities and the value of her time during the current public health crisis.

9. The hearing that Plaintiff is proposing to put on in seeking a preliminary injunction will not materially assist the thorough analysis that this Court has already undertaken with respect to Plaintiff's claims under the identical standard that applies to a temporary restraining order.

10. Defendant's attorneys are from the Governor's Office and have recently had a significant role in responding to multiple emergency lawsuits and in assisting the Governor and agency officials craft legal strategies quickly in reaction to a global pandemic. For example, over the next week, Defendant's attorneys have an expedited response brief due in federal court and a hearing on an emergency writ in the New Mexico Supreme Court. Although they like their chances at Plaintiff's proposed hearing, if the hearing were moved they could spend that time assisting with other important and pressing matters.

11. Defendant respectfully submits that Plaintiff's proposal for the preliminary injunction hearing will not be a good use of the limited resources of this Court or the New Mexico Governor's Office.

12. Instead, Defendant respectfully asks that the hearing for preliminary injunction be moved to coincide with the hearing on Defendant's Motion to Dismiss or to another future date.

>Respectfully submitted,
>
>_____
>Matthew L. Garcia,
>*Chief General Counsel to*
>*Governor Michelle Lujan Grisham*
>Jonathan J. Guss
>*Deputy General Counsel to*
>*Governor Michelle Lujan Grisham*
>490 Old Santa Fe Trial, Suite 400
>Santa Fe, New Mexico 87501
>matt.garcia@state.nm.us
>jonathan.guss@state.nm.us

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2020, I filed the foregoing through the New Mexico Electronic Filing system, which caused all counsel of record to be served by electronic means.

Respectfully submitted,

_____
Matthew L. Garcia